DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Darryl L. Roper, Sr., appeals from his convictions of domestic violence, aggravated menacing, having a weapon under disability, possession of cocaine, in violation of R.C. 2925.11(A); illegal possession of drug paraphernalia, obstructing official business, and violating a protection order, in violation of R.C. 2919.27. This Court affirms.
 {¶ 2} From March to July 2004, Defendant was indicted on the following charges: two counts of rape, in violation of R.C. 2907.02(A), and with repeat violent offender specifications, both first degree felonies; one count of domestic violence, in violation of R.C. 2919.25(A), a third degree felony; one count of aggravated menacing, in violation of R.C.2903.21, a first degree misdemeanor; two counts of having weapons under disability, in violation of R.C. 2923.13(A)(3), one a third degree felony and one a fifth degree felony; one count of intimidation of a crime victim or witness, in violation of R.C. 2921.04(B), a third degree felony; one count of possession of cocaine, in violation of R.C.2925.11(A), a second degree felony; one count of illegal possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor; and one count of obstructing official business, in violation of R.C. 2921.31(A), a second degree misdemeanor. Defendant was also indicted on two counts of violating a protection order, in violation of R.C. 2919.27, both misdemeanors of the first degree.
 {¶ 3} On January 11, 2005, a jury trial commenced and Defendant was found guilty of domestic violence, aggravated menacing, having weapons while under disability, possession of cocaine, illegal use or possession of drug paraphernalia, obstructing official business, and violating a protection order. The jury acquitted Defendant of the two counts of rape, including the specifications to both counts, and one count of intimidation of a crime victim or witness.
 {¶ 4} At a sentencing hearing held January 25, 2005, the trial court sentenced Defendant to the following terms of incarceration: four years for domestic violence, six months for aggravated menacing, four years for having weapons while under disability, four years for possession of cocaine, six months for illegal use or possession of drug paraphernalia, 90 days for obstructing official business, and six months for each of the two counts of violating a protection order. The sentences for domestic violence, having a weapon under disability and possession of cocaine were ordered to be served consecutively and concurrently with all other sentences. Defendant was sentenced to a total of twelve years incarceration.
 {¶ 5} Defendant appealed, asserting eleven assignments of error for our review. For ease of discussion, we shall consider several assignments of error together. The first two assignments of error shall be discussed out of order.
 ASSIGNMENT OF ERROR II
"Initially the court erred by improperly permitting the introduction of prior act evidence and, secondly, the court compounded this error by allowing evidence to be admitted that went beyond the court's own order that prohibited introduction of most serious incidents."
 ASSIGNMENT OF ERROR I
"The sentence imposed was a product of abuse of discretion as the court elicited and relied upon statements at sentencing from Terrie Jackson, a prior acts witness, not the victim of any charged offense."
 {¶ 6} In his first two assignments of error, Defendant asserts that the trial court abused its discretion by initially permitting the introduction of prior acts evidence and by allowing testimony from a prior acts witness at the sentencing hearing. We disagree with both assignments of error.
 {¶ 7} A trial court possesses broad discretion with respect to the admission of evidence. State v. Ditzler (Mar. 28, 2001), 9th Dist. No. 00CA007604, at 5 citing State v. Maurer (1984), 15 Ohio St.3d 239, 265. An appellate court will not overturn the decision of a trial court regarding the admission or exclusion of evidence absent a clear abuse that has materially prejudiced the defendant. Ditzler, supra; see, also,State v. Ali (Sept. 9, 1998), 9th Dist. No. 18841. An abuse of discretion connotes more than an error of judgment, and instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency[,]" Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, or an arbitrary, unreasonable, or unconscionable decision, Schafer v.Schafer (1996), 115 Ohio App.3d 639, 642.
 {¶ 8} Generally, evidence of prior criminal acts completely independent of the crime for which a defendant is being tried, is inadmissible. State v. Wilkins (1999), 135 Ohio App.3d 26, 29, citingState v. Thompson (1981), 66 Ohio St.2d 496, 497. However, an exception to this general rule exists, as provided for in R.C. 2945.59 and Evid.R. 404(B). Ali, supra. Evid. R. 404(B) provides that evidence of such crimes, wrongs or acts may be admissible for purposes other than proving the conformity of an accused with a certain character trait during the incident in question. Specifically, Evid.R. 404(B) provides the following:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such asproof of motive, opportunity, intent, preparation, plan, knowledge,identity, or absence of mistake or accident." (Emphasis added.)
R.C. 2945.59 reads:
"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous withor prior or subsequent thereto, notithstanding that such proof may showor tend to show the commission of another crime by the defendant." (Emphasis added.)
 {¶ 9} The statute and rule must be read in harmony with each other.Ali, supra, citing State v. Broom (1988), 40 Ohio St.3d 277, 281. Because R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law regarding evidence of other acts, the standard for determining admissibility of such evidence is strict, and the statute section and rule must be construed against admissibility. Ali, supra, citing Broom,
40 Ohio St.3d at paragraph one of the syllabus. However, this strict admissibility standard must be considered contemporaneously with the fact that the trial court "occupies a `superior vantage' in determining the admissibility of evidence." Ali, supra, citing State v. Rutledge (Nov. 19, 1997), 9th Dist. No. 96CA006619.
 {¶ 10} The Supreme Court of Ohio has articulated two requirements for the admission of other acts evidence. Broom, 40 Ohio St.3d at 282-83. First, substantial evidence must prove that the other acts were committed by the defendant as opposed to another person. Id. Second, the other acts evidence must fall within one of the theories of admissibility enumerated in Evid.R. 404(B). Id. See, also, State v. Lowe (1994), 69 Ohio St.3d 527,530.
 {¶ 11} In the present case, the trial court held a prior acts hearing on October 4, 2004, in which three witnesses testified as to their knowledge of Defendant's prior acts of violence against women. The witnesses, including two former girlfriends of Defendant and one retired police officer, testified as to acts of violence committed by Defendant between 1977 and 2004. Both ex-girlfriends testified that Defendant had assaulted them to the point of bruises, broken bones and injuries requiring plastic surgery. Both ex-girlfriends had been assaulted and injured by Defendant when they were pregnant with his children, and they testified that they were afraid of Defendant because of his repeated assaults on them. One woman also stated that Defendant had extended his violence to include striking her child and beating her dog.
 {¶ 12} The trial court ruled that the prior acts evidence was admissible because it "demonstrates a scheme or plan of violence against his former girlfriends, which also includes a history of forcible rape." The court went onto explain, citing Broom as support, that because "intent, purpose and knowledge are elements of several of the crimes charged, the Court finds the other act evidence to be particularly relevant." Concluding that a substantial basis existed for the evidence and the probative value of the evidence was outweighed by the prejudicial effect on Defendant, the trial court ordered that the other act evidence was permissible, but instructed that the State "cull out the most serious incidents of physical or sexual violence against the victims."
 {¶ 13} Based on Defendant's contentions that he accidentally caused the victim injuries by pushing her by the shoulders, causing her to stumble off-balance into her toilet, which caused articles on overhead shelves to fall on her head, in addition to striking her face accidentally while trying to knock a lit crack pipe out of her mouth, we cannot conclude the trial court abused its discretion by permitting prior acts evidence regarding Defendant's history of domestic violence. The trial court issued an instruction to the jury regarding the prior acts evidence, stating:
"That evidence was received only for a limited purpose. It was not received and you may not consider it to prove the character of the defendant in order to show that he acted in conformity with that character.
"If you find that the evidence of other acts is true and that the defendant committed them, you may consider that evidence for the purpose of deciding whether it proves that the defendant was previously convicted of a felony offense of violence, or a felony drug offense in considering the charge of having weapons while under disability.
"You may consider the evidence only for two other limited purposes: to test the defendant's credibility and the weight to be given to the defendant's testimony, and to decide whether it proves the absence of mistake or accident or the defendant's motive or intent or purpose to commit the offenses charged in this trial. The evidence cannot be considered for any other purpose."
 {¶ 14} Furthermore, the fact that the jury acquitted Defendant on two counts of rape leads us to agree with the State that Defendant was not materially prejudiced. It is not illogical that the jury, after hearing testimony by the victim regarding Defendant's actions and her subsequent injuries, found Defendant guilty of domestic violence. We cannot conclude that the trial court committed an abuse of discretion by permitting prior act evidence to be admitted.
 {¶ 15} Defendant's first assignment of error argues that the trial court abused its discretion when it permitted Terrie Jackson ("Jackson"), a prior acts witness, to make a statement at the sentencing hearing. Prior to the victim, Cynthia Munford ("Munford"), and Jackson addressing Defendant, Defendant's counsel objected to Jackson making a statement. The trial court overruled his objection and stated that when keeping in mind the purposes and principles of sentencing, Jackson's statement would be considered in the likelihood of Defendant's recidivism.
 {¶ 16} In his appellate brief, Defendant argues that Jackson's statement contained "uncharged, unrelated and unsupported acts," and specifically refers to the statement she made to Defendant that he had molested her daughter and two stepdaughters. Defendant argues that "It is indisputable that the court improperly considered and relied upon this testimony, as to the issue of likelihood of recidivism." Defendant contends that because he was never investigated or charged with any offense concerning a crime against a child, and that none of the prior acts witnesses made statements similar to Jackson, "there is reasonable probability that the outcome of sentencing would have been different had the court not considered this statement[.]"
 {¶ 17} We are not persuaded by Defendant's arguments. R.C. 2929.19(A)(1) states "any other person may present information relevant to the imposition of sentence in the case." At the conclusion of the hearing, the court stated, more than once, that it was relying on Defendant's "terrible" prior record with an extensive history of violence against women and drug offenses when sentencing him. The trial court never referenced Jackson's statements about Defendant molesting her children in any way, and there is nothing in the record that leads us to believe such statements influenced Defendant's sentencing. The court's only reference to Jackson were when it noted that Jackson had testified at the prior acts hearing.
 {¶ 18} Furthermore, a trial court is presumed to consider only relevant and competent evidence when arriving at its sentencing determination. State v. Treesh (2001), 90 Ohio St.3d 460,488. Despite Defendant's contention, we are unable to find an indication in the record that the trial court considered Terrie Jackson's statements about the molestation in making its sentencing determination. Reviewing the record of the sentencing hearing, it is apparent that the clear influence on the trial court's sentencing determination was Defendant's lack of remorse and extensive prior record, which the court characterized as "horrific." As the court indicated, Defendant had a long juvenile and adult record of domestic violence and drug offenses, and had previously served two prison terms.
 {¶ 19} This Court does not find Defendant was prejudiced in any way when the trial court permitted the statements from this prior acts witness, and his first two assignments of error are overruled.
 ASSIGNMENT OF ERROR III
"The court improperly denied Defendant's efforts to introduce results of a lie detector test that Defendant had taken in jail."
 {¶ 20} In his third assignment of error, Defendant argues that the trial court erred when it denied his efforts to have the results of a polygraph test admitted into evidence. Defendant argues that other jurisdictions have admitted, or considered the possibility of admitting, polygraph test results in the absence of a stipulation between parties. We find this argument to be meritless.
 {¶ 21} As discussed above, the standard of review is abuse of discretion. Therefore, we will not overturn a trial court's decision unless there was a "perversity of will, passion, prejudice, partiality, or moral delinquency[.]" Pons (1993), 66 Ohio St.3d 619 at 621, or an arbitrary, unreasonable, or unconscionable decision, Schafer (1996),115 Ohio App.3d 639 at 642.
 {¶ 22} The Ohio Supreme Court has set forth explicit requirements for the admissibility of polygraph tests in State v. Souel (1978),53 Ohio St.2d 123, at syllabus, including that all parties must sign a written stipulation providing for defendant's submission to the test, as well as for the subsequent admission at trial of the graphs and the examiner's opinion. Additionally, even though a stipulation may be present, the admissibility of a polygraph test is subject to the discretion of the trial court judge, who may refuse to accept the results as evidence. Id.
 {¶ 23} In this case, we do not feel that the trial court committed error when it denied Defendant's motion to introduce the polygraph test results, as there was no written stipulation between the parties, as set forth in Souel. Furthermore, the polygraph test results, as set forth in Defendant's motion, allegedly indicate the sex act between Defendant and the victim was consensual. As the jury found Defendant not guilty on both counts of rape, this argument is moot. Defendant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"The court improperly denied Defendant's motion to suppress."
 {¶ 24} In his fourth assignment of error, Defendant argues that the trial court improperly denied his motion to suppress, specifically asserting that the search warrant was defective because it did not reflect the any evidence of the truth or reliability of the victim. We disagree.
 {¶ 25} A motion to suppress under the Fourth Amendment to the United States Constitution involves a mixed question of law and fact; as such, this Court defers to the trial court's findings of fact but conducts a de novo review of the trial court's application of the appropriate legal standard to those facts. Ornelas v. United States (1996), 517 U.S. 690,696-97, 134 L.Ed.2d 911; State v. Booth, 151 Ohio App.3d 635,2003-Ohio-829, at ¶ 12. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. State v. Amore, 9th Dist. No. 03CA008281, 2004-Ohio-958, at ¶ 6. The trial court is in the best position to resolve factual questions and assess the credibility of witnesses when evaluating a motion to suppress. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, an appellate court must accept the trial court's findings of fact so long as they are supported by competent, credible evidence.State v. Searls (1997), 118 Ohio App.3d 739, 741.
 {¶ 26} In his appellate brief, Defendant contends that the warrant was not supported by the allegations made by the victim because it was enhanced with unrelated information, which led to the improper seizure of cash and a weapon among the items taken from his house. Furthermore, the majority of Defendant's argument centers on the warrant's lack of sufficient facts regarding the victim's veracity and reliability. Defendant asserts that because the affidavit in the present case lacked verification as to the victim's known reliability, the affidavit failed to establish probable cause and did not limit the scope of the search, thus rendering the warrant invalid.
 {¶ 27} This Court notes that Defendant's argument regarding the truth and reliability of the informant is waived, as this argument was not raised before the trial court in the motion to suppress. "A fundamental rule of appellate review is that a reviewing court will not consider a claimed error that a party failed to bring to the trial court's attention at a time when it could have been corrected." O'Bryon v. Poff, 9th Dist. No. 02CA0061, 2003-Ohio-3405, at ¶ 14 quoting Bohlmann v. Cox (Nov. 1, 1995), 9th Dist. No. 17166. If an issue was not raised at the appropriate time in the trial court, the party has waived the right to contest the issue on appeal. Id. Even so, as the victim in this case was the source of information to the police, not a confidential informant or an unknown tipster, she is presumed to be reliable. State v. Yeagley (Aug. 26, 1996), 9th Dist. No. 96CA0022, at 4-5. We overrule Defendant's fourth assignment of error.
 ASSIGNMENT OF ERROR V
"The court improperly denied Defendant's motion to sever the charges of sexual assault from others."
 {¶ 28} Defendant argues in his fifth assignment of error that the trial court committed error when it denied his motion to sever the charges of sexual assault from the other crimes. Defendant contends that the sexual assault charges were "wholly distinct" crimes and unrelated to the other charges, which prejudiced him because he was "compelled to take the stand, essentially allowing in his prior record and allowing inference that [he] had acted badly before and had done so again." This Court disagrees.
 {¶ 29} Crim.R. 8(A) provides that joinder of offenses is proper if the offenses "are based on the same act or transaction." However, "[i]f it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment, * * * the court shall order an election or separate trial of counts, * * * or provide such other relief as justice requires." Crim.R. 14. In order to prevail on a claim that the trial court erred in denying a motion to sever charges for separate trials, an appellant "must affirmatively demonstrate that his rights will be prejudiced by the joinder." State v. Brown (Aug. 19, 1998), 9th Dist. No. 18591, at 12, citing State v. Miller (1995), 105 Ohio App.3d 679, 691. See, also,State v. Torres (1981), 66 Ohio St.2d 340, syllabus. A reviewing court will not reverse a trial court's ruling on a motion for severance absent an abuse of discretion. Id.
 {¶ 30} In the present case, Defendant's motion for severance was denied on October 4, 2004. Defendant then failed to renew the motion when the State rested its case at trial, and did not renew it at the close of all the evidence. This Court previously held that a motion to sever is waived when it is not renewed either after the close of the State's evidence or at the conclusion of all the evidence. State v. Amore, 9th Dist. No. 03CA008281, 2004-Ohio-258, at ¶ 20, citing State v. McIntyre
(Jan. 22, 1986), 9th Dist. No. 12241. Furthermore, we are unable to see how Defendant was prejudiced by the failure to sever the charges because the jury acquitted him on both counts of rape. Therefore, we overrule his fifth assignment of error.
 ASSIGNMENT OF ERROR VI
"Defendant's Sixth Amendment rights were violated as he received ineffective assistance of counsel."
 {¶ 31} In his sixth assignment of error, Defendant asserts that hisSixth Amendment rights were violated in that his counsel committed several errors which were prejudicial to him. Specifically, Defendant contends that his trial counsel erred by 1) failing to object on the record to the denial of the severance of motions and the denial of admission of the polygraph test results, and 2) failing to object to the jury instruction on possession. We disagree.
 {¶ 32} In determining whether a defendant's right to effective assistance of counsel has been violated, we consider whether counsel violated any of the essential duties owed to the defendant and whether prejudice arose from such violations. See Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674; State v. Calhoun (1999),86 Ohio St.3d 279, 289.
 {¶ 33} Licensed attorneys are presumed competent in Ohio. State v.Lytle (1976), 48 Ohio St.2d 391, 397. Defendant must overcome the "presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, quoting Michel v. Louisiana (1955), 350 U.S. 91, 101, 100 L.Ed. 83. Prejudice exists where the trial result would have been different but for the alleged deficiencies of counsel. State v. Bradley (1989),42 Ohio St.3d 136, at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 49, quoting Strickland, 466 U.S. at 687.
 {¶ 34} This Court may dispose of a claim of ineffective assistance of counsel by analyzing only the second prong of the test where defendant fails to show sufficient resulting prejudice. In re J.J., 9th Dist. No. 21386, 2004-Ohio-1429, at ¶ 16.
 {¶ 35} Defendant claims that his counsel was ineffective for failing to object to the denial of his motion to sever the charges and failing to object to the denial of the motion to admit the lie detector test. Defendant also argues that his counsel was ineffective because he failed to object to the jury instruction on constructive possession of the cocaine. We find these arguments to be without merit.
 {¶ 36} We note that Defendant's appellate brief is void of any argument regarding the polygraph test and the motion to sever, other than referencing both issues in this assignment of error. Even so, as we previously discussed in Defendant's third assignment of error, the parties had not met the polygraph test admissibility requirements of written stipulation set forth in Souel. Defendant has not shown how the results would have been different or how he was prejudiced by his counsel's failure to object to the trial court's denial of this motion. As we stated in State v. Ramos, 9th Dist. No. 21286, 2003-Ohio-2637, at ¶ 22, a defendant cannot establish ineffective assistance of counsel through speculation.
 {¶ 37} We also discussed the motion to sever in Defendant's preceding assignment of error, and concluded that Defendant failed to show how he was prejudiced by the trial court's failure to sever the sexual assault charges from the other crimes. Despite the jury hearing about Defendant's prior history of sexual assault against women, they acquitted Defendant on both counts of rape with specifications.
 {¶ 38} Defendant's brief only addresses the argument concerning his counsel's failure to object to the jury instruction on constructive possession of cocaine. Defendant claims that the jury instruction was inaccurate because it did not include the fact that he had to be conscious of the presence of drugs. Defendant argues, "Under a proper instruction, Defendant is not in possession when he is not conscious of its presence, despite the fact that the drugs are located where Defendant may have access to and have ability to direct them."
 {¶ 39} The trial court's instruction regarding the cocaine possession stated that the jury must find beyond a reasonable doubt that Defendant did commit the crime of possession of cocaine "in that he did knowingly obtain, possess, or use [the drug]." The trial court defined "knowingly" as "A person acts knowingly regardless of his purpose when he is aware that his conduct will probably cause a certain result. A person has knowledge of circumstances when he is aware that such circumstances probably exist." The trial court then stated, "[K]knowledge is determined from all the facts and circumstances in evidence." The trial court defined "possession" for the jury as: "having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 40} In State v. Grundy (Dec. 9, 1998), 9th Dist. No. 19016, this Court stated:
"[A] person may knowingly possess a substance through either actual or constructive possession. A person has constructive possession of a substance when he is able to exercise dominion or control over it. Circumstantial evidence is itself sufficient to establish dominion and control of the substance. Thus, circumstantial evidence that the defendant was located very close to readily usable drugs may support a conclusion that the defendant had constructive possession. Ownership of the controlled substance need not be established, and possession may be individual or joint.
"* * * It is irrelevant that Defendant did not own the apartment, or the car, in which the cocaine was found or that others were in the apartment with him at the time of the raid. It is also irrelevant that he did not admit that the cocaine was his." (Internal citations and quotations omitted.) Id. at 22-23. See, also, State v. Riley (Nov. 21, 2001), 9th Dist. No. 20618, at 3-4.
Following the execution of a search warrant on March 17, 2004, Akron police officers searched Defendant's apartment during the course of an investigation of a rape. The victim provided police with information that Defendant possessed a handgun and narcotics at his apartment, and stated that the gun was in the bedroom in either a dresser drawer or a red locked toolbox. When the bedroom was searched, police found a red toolbox which contained a 9-millimeter handgun and crack cocaine. Based on these circumstances, we cannot conclude that Defendant's counsel was ineffective for objecting to the jury instruction on the charge of possession of cocaine. The trial court properly instructed the jury on the elements of "knowingly" and "possession," and Defendant has not shown how he was prejudiced by the instruction.
 {¶ 41} Therefore, we do not see that there is a reasonable probability, that, but for counsel's failure to object, the outcome of Defendant's trial would have been different. We overrule Defendant's sixth assignment of error.
 ASSIGNMENT OF ERROR VII
"The trial court erred in sentencing Defendant to more than the `statutory maximum' consecutive sentences."
 {¶ 42} In his seventh assignment of error, Defendant argues that the trial court violated his Sixth Amendment rights when it sentenced him to a greater term than authorized by jury verdict alone. Specifically, Defendant asserts that Blakely v. Washington (2004), 542 U.S. 296, compels the modification of his prison sentence to concurrent prison terms of an aggregate of one year. We disagree.
 {¶ 43} This Court has previously held that Blakely is inapplicable to Ohio's sentencing scheme. State v. Rowles, 9th Dist. No. 22007,2005-Ohio-14, at ¶ 192-0. Additionally, we have held that U.S. v.Booker (2005), 125 S.Ct. 738, 160 L.Ed.2d 621, provided no rationale for this Court to revisit our prior holding. State v. Burns, 9th Dist. No. 22198, 2005-Ohio-1459, at ¶ 5. Accordingly, Defendant's seventh assignment of error is overruled.
 ASSIGNMENT OF ERROR VIII
"The trial court improperly allowed the State to assert and make reference to use of a gun by Defendant in closing argument."
 {¶ 44} Defendant's eighth assignment of error asserts that the trial court should not have permitted the State to make reference to a gun in its closing argument. To do so, contends Defendant, should have resulted in a mistrial because the jury could no longer be impartial "when the [S]tate has injected truth, unnecessarily[.]" We find this argument to be without merit.
 {¶ 45} Defendant failed to object at trial regarding this alleged prosecutorial misconduct, and, therefore, he has waived all but plain error. State v. Smith, 9th Dist. Nos. 01CA0039 and 01CA0055, 2002-Ohio-4402, at ¶ 103, citing State v. Twyford, 94 Ohio St.3d 340,2002-Ohio-894. Furthermore, "It is well-established that a prosecutor has wide latitude during closing argument to present his or her most convincing position based on the evidence presented at trial." Smith,
supra, citing State v. Phillips (1995), 74 Ohio St.3d 72, 90. This assignment of error is overruled.
 ASSIGNMENT OF ERROR IX
"The Defendant's conviction was against the manifest weight of the evidence."
 ASSIGNMENT OF ERROR X
"The court erred by failing to dismiss the case pursuant to Crim. Rule 29 — Defendant was charged with 2 counts of rape with specifications, domestic violence, possession of drugs, violation of temporary protection order."
 {¶ 46} In his ninth and tenth assignments of error, Defendant challenges both the manifest weight and the sufficiency of the evidence against him, arguing that he did not knowingly cause harm to the victim and was not conscious of the presence of drugs. We disagree.
 {¶ 47} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
 {¶ 48} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Furthermore,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Cuyahoga Falls v. Scupholm
(Dec. 13, 2000), 9th Dist. Nos. 19374 and 19735, at 5. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4.
Therefore, we will address Appellant's claim that his conviction was against the manifest weight of the evidence first, as it is dispositive of Appellant's claim of insufficiency.
 {¶ 49} When a defendant asserts that the conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed[.]" State v. Otten (1986),33 Ohio App.3d 339, 340.
As an initial matter, despite Defendant's mention of the two counts of rape in his assignment of error, he was found not guilty on both counts, and thus it is moot to discuss these charges, as well as the misdemeanor charges of violating a temporary protection order.
 {¶ 50} Defendant was convicted of domestic violence under R.C.2919.25(A) and possession of cocaine, under R.C. 2925.11(A). Munford testified that she and Defendant met in 2003 when they worked for the same employer. They lived together for about six months, and she subsequently purchased a home which he moved into, but moved out after a week. She testified that she was unhappy with the way Defendant tried to control her, so she asked him to leave her house. After Defendant moved out, Munford continued seeing Defendant because she thought he was getting ready to move to Las Vegas and she could end their relationship based on his moving out of state. Munford stated that Defendant had told her repeatedly that he would kill her if she had sex with another man and he would tell her that they would be together "TDDUP," which stood for "til death do us part." Munford also testified that Defendant bought a gun, showed her where it was kept in his apartment and made her touch it, even though he knew she was afraid of guns.
 {¶ 51} Munford also knew that Defendant kept drugs at his apartment because he sold them and she had used them before. She testified that he kept marijuana and cocaine in a red toolbox under his bed. On March 3, 2004, Defendant called Munford because he wanted her to do his laundry. After they had an argument, Defendant grabbed a cigarette out of her hand while she was smoking in his bathroom and tried to burn her face with it. Munford testified that Defendant strangled her while he pushed her against the bathroom sink. Defendant punched Munford in the face until she felt against the toilet, which knocked items from overhead shelves onto her head. Munford testified that as she was attempting to block Defendant's punches, he told her, "Move your hands or I'm going to kill you."
 {¶ 52} Defendant then forced Munford to have sex with him despite her repeated protests that she did not want to, and at one point Munford stated that she thought he was reaching under the bed for his gun. Munford stated that after she left Defendant's apartment, she was injured to the point that her face was bleeding and bruised. She went to a friend's house and called the police. After the police took her statement, she went to St. Thomas Hospital where she had a forensic rape exam performed at the SANE (Sexual Assault Nurse Examiner) Unit. With respect to the domestic violence charge, Defendant contends that he did not knowingly cause harm to the victim, despite the victim's testimony that Defendant strangled, pushed and punched her.
 {¶ 53} Based on the foregoing, this Court cannot find that Defendant's conviction was against the manifest weight of the evidence. Furthermore, as previously stated, "a determination that [a] conviction is supported by the weight of the evidence [is] also * * * dispositive of the issue of sufficiency." Scupholm, supra, at 5. Accordingly, having found that Defendant's conviction was not against the manifest weight of the evidence, this Court need not further discuss his challenge to the sufficiency of the evidence. We overrule assignments of error nine and ten.
 ASSIGNMENT OF ERROR XI
"The court issued an improper instruction on possession with respect to drug possession and with respect to possession of weapon."
 {¶ 54} Defendant's final assignment of error takes issue with the trial court's issuance of a particular jury instruction regarding Defendant's drug possession and possession of a weapon, specifically asserting the instruction was inaccurate and incomplete. We find no merit to this argument.
 {¶ 55} In State v. Grubb, 9th Dist. No. 22414, 2005-Ohio-3798, at ¶ 5, this Court addressed the failure to object to jury instructions. We stated:
"Absent plain error, a party waives any challenge to jury instructions in a criminal case unless that party `objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objections.' Crim.R. 30(A); State v. Braden,98 Ohio St.3d 354, 2003-Ohio-1325, at ¶ 75, certiorari denied (2003),540 U.S. 865, 124 S.Ct. 182, 157 L.Ed.2d 119. The record reveals that Appellant failed to object at trial to the jury instructions and has not argued plain error. Accordingly, `[h]e has waived his right to appeal on this alleged error.' State v. Shipley, 9th Dist. No. 03CA008275,2004-Ohio-434, at ¶ 8, Civ.R. 30(A)."
As the record shows that Defendant did not object to the jury instruction at trial, we consequently overrule this assignment of error.
 {¶ 56} We overrule Defendant's eleven assignments of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Carr, J. concur