DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Michael McClanahan has appealed from his sentence in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} Appellant was convicted of multiple offenses following a jury trial. This Court discussed Appellant's convictions in detail in the direct appeal of those convictions. See State v. McClanahan, 9th Dist. No. 22277, 2005-Ohio-2975, reversed by In re Ohio Criminal SentencingStatutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109. In overruling this Court's decision, the Ohio Supreme Court *Page 2 
applied State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856 and ordered that Appellant be resentenced by the trial court.
 {¶ 3} Following the Ohio Supreme Court's remand, the trial court held a resentencing hearing on June 1, 2006. At the conclusion of the hearing, the trial court imposed the same sentence Appellant had previously received. Through a combination of consecutive and concurrent sentences, Appellant received a total sentence of twelve years incarceration. Appellant has timely appealed from his sentence, raising one assignment of error for review.
 II Assignment of Error "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MORE THAN THE MINIMUM SENTENCE AND TO CONSECUTIVE TERMS OF IMPRISONMENT."
 {¶ 4} In his sole assignment of error, Appellant has argued that the trial court's application of the remedy provided by Foster violated his due process rights. In addition, Appellant has argued that the trial court's actions violated the rule of lenity. Both of Appellant's contentions lack merit.
 {¶ 5} Both the United States and Ohio Constitutions prohibit ex post facto legislation, and similar restrictions have been placed on judicial opinions. See, e.g., Bouie v. City of Columbia (1964), 378 U.S. 347. InBouie, the United States Supreme Court held that due process prohibits retroactive application of any judicial decision construing a criminal statute that "is unexpected and indefensible *Page 3 
by reference to the law which has been expressed prior to the conduct in issue." Id. at 354. While Bouie referenced ex post facto principles, the United States Supreme Court later explained that Bouie's "rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Rogers v. Tennessee (2001), 532 U.S. 451, 459. This principle has also been recognized by the Ohio Supreme Court.
See State v. Garner (1995), 74 Ohio St.3d 49.
 "[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law and can thereby violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution * * * even though the constitutional prohibition against ex post facto laws is applicable only to legislative enactments." (Internal citations and quotations omitted.) Id. at 57, quoting Bouie, 378 U.S. at 353.
 {¶ 6} Initially, we note that Appellant did not raise the constitutional issue presented in this appeal in the trial court. As such, he has forfeited this argument on appeal. State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899, at ¶ 14, citing State v. Awan
(1986), 22 Ohio St.3d 120, syllabus (holding that failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal). Assuming arguendo that Appellant has not forfeited the right to raise this issue, Appellant's argument lacks merit. *Page 4 
 {¶ 7} In State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082, this Court rejected the argument that Foster's remedy violates the due process and ex post facto provisions of the Ohio and U.S. Constitutions. In so holding, we noted as follows: "We are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound byFoster. Furthermore, we are confident that the Supreme Court would not direct us to violate the Constitution." Id. at ¶ 11, citing U.S. v.Wade (C.A.8, 2006), 435 F.3d 829, 832 (holding that the Eighth Circuit is required to follow the directive of the U.S. Supreme Court and presuming that the U.S. Supreme Court would not order a court to violate the Constitution).
 {¶ 8} Moreover, since our decision, every appellate court that has addressed this issue has found that Foster's remedy does not violate the constitution. See Gibson, supra; State v. Grimes, 4th Dist. No. 04CA17,2006-Ohio-6360; State v. Durbin, 2d Dist. No. 2005-CA-134,2006-Ohio-5125; State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162;State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542. We agree with the reasoning espoused in these cases.
 {¶ 9} "Appellant essentially seeks the benefit of a state of law that never existed; he wants `a sentence that comports with theSixth Amendment requirements of Booker [and Foster], but wants to avoid the possibility of a higher sentence under the remedial holdings ofBooker [and Foster].'" (Alterations sic.) Id. at ¶ 28, quotingUnited States v. Jamison (C.A. 7, 2005), 416 F.3d 538, 539. *Page 5 
However, "because criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding of Foster was not unexpected, Foster did not violate due process notions." Gibson at ¶ 16.
 {¶ 10} Finally, Appellant has contended that the rule of lenity required the trial court to impose minimum and concurrent sentences. We disagree.
 {¶ 11} The rule of lenity is codified in R.C. 2901.04(A) and is a rule of statutory construction which provides that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The rule of lenity applies only where there is an ambiguity in a statute or a conflict between statutes. State v. Moore, 3d Dist. No. 1-06-51,2006-Ohio-6860, at ¶ 11-12; State v. Green, 11th Dist. Nos. 2005-A-0069, 2005-A-0070, 2006-Ohio-6695, at ¶ 24. "The rule has no applicability in the present case because there is no ambiguity or conflict in the sentencing statutes, and appellant does not contend otherwise."State v. Ragland, 10th Dist. No. 04AP-829, 2007-Ohio-836, at ¶ 10, citing State v. Bruce, 1st Dist. No. C-060456, 2007-Ohio-175, at ¶ 13. We agree with this reasoning. Post-Foster, there is no ambiguity in the statutes that Appellant was sentenced under and Appellant has made no argument that any ambiguity exists in R.C. 2929.14. Accordingly, the rule of lenity does not apply.
 {¶ 12} Appellant's sole assignment of error lacks merit. *Page 6 
 III {¶ 13} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 7 
DICKINSON, J.
CONCURS
CARR, J.
 CONCURS IN JUDGMENT ONLY *Page 1