DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Darryl Roper was convicted of various felonies and misdemeanors and sentenced to twelve years in prison. He successfully appealed, and his case was remanded for re-sentencing on the authority of State v.Foster, 109 Ohio St. 3d 1, 2006-Ohio-856. He was re-sentenced to the same prison terms by the judge who had originally sentenced him. He has again appealed, arguing that Foster should not have been applied to his case because it violated his right to due process and that the trial court erred in the manner in which it applied Foster. He has also argued that the judge who re-sentenced him should not have done so *Page 2 
because a different judge had presided over his trial. The judgment of the trial court is affirmed because it properly re-sentenced Mr. Roper, after a successful appeal, under the terms of State v. Foster.
Additionally, the trial court did not err in re-sentencing him over his objection, despite the fact that a different judge had presided over the trial.
 FACTS {¶ 2} A jury found Darryl Roper guilty of domestic violence, aggravated menacing, having weapons while under disability, possession of cocaine, illegal use or possession of drug paraphernalia, obstructing official business, and two counts of violating a protection order. The trial court sentenced him to a total of twelve years in prison. This Court affirmed his convictions in State v. Roper, 9th Dist. No. 22566,2005-Ohio-6327. The Ohio Supreme Court, based on State v. Foster,109 Ohio St. 3d 1, 2006-Ohio-856, reversed this Court's decision and remanded for re-sentencing. In re Ohio Criminal Sentencing StatutesCases, 109 Ohio St. 3d 313, 2006-Ohio-2109, at ¶ 240.
 {¶ 3} The trial court re-sentenced Mr. Roper to four years in prison on each of the three third degree felonies, that is, domestic violence, possession of cocaine, and having weapons while under disability, each to be served consecutively. It also sentenced him to concurrent terms of various lengths for the misdemeanor convictions. It ordered the terms for the misdemeanors to be served concurrently with the terms for the felonies. This was essentially the same *Page 3 
sentence the trial court had imposed the first time it sentenced him.State v. Roper, 9th Dist. No. 22566, 2005-Ohio-6327, at ¶ 4. This Court granted Mr. Roper's request for a delayed appeal from his re-sentencing.
 {¶ 4} Mr. Roper has made four arguments attacking the re-imposition of his sentence. He has argued that the trial court: (1) improperly sentenced him to non-minimum and consecutive sentences without making specific findings of fact on the record at the sentencing hearing; (2) erred by failing to consider the seriousness of the conduct and recidivism factors found in Section 2929.12 of the Ohio Revised Code; (3) erred because he was not re-sentenced by the judge who presided over his trial; and (4) erred by applying State v. Foster, 109 Ohio St. 3d 1,2006-Ohio-856, on remand, violating his right to due process.
 {¶ 5} This Court affirms the trial court's judgment because: (1) afterFoster, trial courts have full discretion to impose a prison sentence within the statutory range without making findings or giving their reasons; (2) the trial court properly considered the seriousness and recidivism factors of Section 2929.12; (3) Mr. Roper was properly re-sentenced by the judge who first sentenced him; and (4)Foster's remedy is constitutional. This Court reviews a trial court's imposition of sentence for an abuse of discretion. State v.Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11-12.
 CONSECUTIVE, NON-MINIMUM SENTENCES AFTER FOSTER *Page 4 
 {¶ 6} Mr. Roper has argued that the trial court improperly sentenced him, contrary to Sections 2929.41 and 2929.19 of the Ohio Revised Code, by imposing non-minimum and consecutive sentences without making specific findings on the record at the sentencing hearing. He has argued that, without making those findings, the trial court was limited to sentencing him to the minimum sentence for each charge and ordering that those sentences run concurrently.
 {¶ 7} Prior to the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, Section 2929.19(B)(2)(c) of the Ohio Revised Code required sentencing courts to give reasons for imposing consecutive sentences. Mr. Roper has relied on State v.Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165, for the proposition that a sentencing court may not impose consecutive sentences without stating its reasons on the record during the sentencing hearing and onApprendi v. New Jersey, 530 U.S. 466 (2000), for the proposition that his sentence is unconstitutional because, according to him, the trial court was required to engage in judicial fact-finding in order to impose a sentence above the statutory minimum.
 {¶ 8} Mr. Roper's reliance on these decisions is misplaced, however, because, after the Foster decision, "[t]he judicial fact-finding thatComer mandated at sentencing hearings for consecutive or nonminimum sentences . . . no longer survives." State v. Mathis,109 Ohio St. 3d 54, 2006-Ohio-855, at ¶ 26. In Foster, the Ohio Supreme Court excised the unconstitutional parts of Ohio's *Page 5 
sentencing statutes, including Sections 2929.14(C), 2929.19(B)(2), and2929.41. Foster, 2006-Ohio-856, at ¶ 97. Thus, after Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 9} The trial court sentenced Mr. Roper to four years in prison on each of three third degree felony charges. The statutory range for a prison sentence for a third degree felony is one to five years, in one year increments. R.C. 2929.14(A)(3). Four years was within the statutory range. Under Foster, the trial court was within its discretion to impose consecutive, non-minimum terms, within the statutory range, without making any findings of fact or giving reasons for its decision. Mr. Roper's second and fourth assignments of error are overruled.
CONSIDERATION OF FACTORS FOUND IN SECTION 2929.12
 {¶ 10} Mr. Roper has argued that the trial court abused its discretion in sentencing him without considering the seriousness of the conduct and recidivism factors found in Section 2929.12 of the Ohio Revised Code. In this case, the trial court mentioned its consideration of the purposes of sentencing found in Section 2929.11, but did not specifically cite Section 2929.12.
 {¶ 11} Prior to Foster, sentencing courts were required to make certain findings of fact regarding the seriousness of a defendant's conduct and likelihood of recidivism under Section 2929.12 of the Ohio Revised Code. After Foster, *Page 6 
judicial fact-finding regarding seriousness and recidivism is not only no longer required, it is specifically forbidden. The trial court must merely "consider" the factors in sentencing. Mathis, 2006-Ohio-855, at ¶ 38. Based upon the transcript of the re-sentencing hearing, it appears that the trial court did consider these factors in imposing the sentence in this case.
 {¶ 12} At the re-sentencing hearing, the trial court specifically acknowledged that it had considered a letter from the victim, Mr. Roper's former girlfriend, highlighting the trauma Mr. Roper's conduct had caused in her life. See R.C. 2929.12(B)(2). The trial court also considered Section 2929.12(D)(2) regarding Mr. Roper's history of criminal convictions. During the re-sentencing hearing, the trial court reviewed, on the record, Mr. Roper's lengthy history of convictions for drug offenses and violent crimes, commonly against former girlfriends. The trial court emphasized the importance of Mr. Roper's "horrible prior criminal record" in rendering sentence, calling it "a major factor" in the Court's decision.
 {¶ 13} The trial court further considered Section 2929.12(D)(3) that addresses whether a defendant has responded favorably to sanctions imposed following prior convictions. It specifically pointed out that Mr. Roper had failed to learn his lesson after spending eight years in prison for felonious assault and abduction of another former girlfriend. Additionally, the trial court allowed Mr. Roper to read a written statement at the re-sentencing hearing. The statement went *Page 7 
on for nearly ten transcript pages and at no time during that speech did Mr. Roper express any remorse for his conduct. See R.C. 2929.12(D)(5). In fact, he blamed the victim and claimed, "[i]f I am guilty of anything, it's caring too much for someone who didn't have my best interests at heart." The trial court considered the factors enumerated in Sections 2929.11 and 2929.12 and exercised its discretion in imposing sentence. Mr. Roper's first assignment of error is overruled.
 OBJECTION TO SENTENCING JUDGE {¶ 14} Mr. Roper has cited Rule 25 of the Ohio Rules of Criminal Procedure for the proposition that the judge who re-sentenced him abused her discretion by doing so, over his objection, in place of the visiting judge who had presided over his trial. Mr. Roper's case had been assigned to Judge Patricia A. Cosgrove. Judge Cosgrove heard and ruled upon various pre-trial motions but, after several continuances, the case was temporarily assigned to a visiting judge, who conducted the trial. Following the verdicts, the parties agreed that Judge Cosgrove should sentence Mr. Roper. The transcript of the original sentencing hearing reflects that Mr. Roper did not object to Judge Cosgrove sentencing him:
 THE COURT: . . . Before I commence the hearing today, the trial itself was heard by Judge Judith Cross, by assignment.
 The Court at this time scheduled this matter for sentencing with the agreement of the parties. And I will ask, for purposes of the record here today, whether or not either party objects to this Court proceeding with sentencing in this matter. *Page 8 
 We will start first with the State of Ohio. Attorney Mascolo, Attorney Ragsdale.
 MR. MASCOLO: No.
 MS. RAGSDALE: No, Your Honor.
 THE COURT: Attorney O'Brien.
 MR. O'BRIEN: No objection, Your Honor.
 THE COURT: All right. We will proceed.
Further, Mr. Roper did not argue, during his first appeal, that Judge Cosgrove had erred by sentencing him. Rather, he first objected to Judge Cosgrove's involvement at the start of his re-sentencing hearing. The State argued that the issue had been forfeited by Mr. Roper's failure to object at the initial sentencing hearing and failure to assign Judge Cosgrove's involvement as error on appeal following imposition of the initial sentence. The trial court agreed, overruled the objection, and proceeded to re-sentence him.
 {¶ 15} Rule 25(B) of the Ohio Rules of Criminal Procedure provides that, "[i]f for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge . . . may perform those duties. If such other judge is satisfied that he cannot perform those duties because he did not preside at the trial, he may in his discretion grant a new trial." The rule does not favor sentencing by judges unfamiliar with the defendant and the facts of the case against him. See Beatty v.Alston, 43 Ohio St. 2d 126, 127 (1975). Following a successful appeal, however, *Page 9 
Ohio law calls for the judge who imposed the initial sentence to conduct the re-sentencing. Id.
 {¶ 16} The record reflects that Judge Cosgrove handled the case for eight months before the initial sentencing, including conducting a suppression hearing and ruling on a motion for severance and a motion to introduce polygraph evidence. Judge Cosgrove was familiar with the defendant and the facts of the case, despite not having presided over the trial. Furthermore, Mr. Roper specifically agreed to be sentenced by Judge Cosgrove at the initial sentencing hearing. Mr. Roper's third assignment of error is overruled.
 EX POST FACTO LAW {¶ 17} Mr. Roper has argued that the trial court's application ofFoster on remand violated his right to due process. Specifically, he has argued that Foster operated as an unconstitutional ex post facto law. As Mr. Roper failed to raise this constitutional issue in the trial court, he has forfeited it on appeal. State v. McClanahan, 9th Dist. No. 23380,2007-Ohio-1821, ¶ 6. In any event, Mr. Roper's argument lacks merit.
 {¶ 18} Mr. Roper has correctly pointed out that "`an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law' and can thereby violate the Due Process Clause of the Fourteenth Amendment. . . ." State v.Garner, 74 Ohio St. 3d 49, 57 (1995) (quoting Bouie v. City ofColumbia, 378 U.S. 347, 353 (1964)). This Court, *Page 10 
however, has repeatedly held that application of Foster is not unconstitutional. State v. McClanahan, 9th Dist. No. 23380,2007-Ohio-1821, at ¶ 7 (citing State v. Newman, 9th Dist. No. 23038,2006-Ohio-4082) ("rejected the argument that Foster's remedy violates the due process and ex post facto provisions of the Ohio and U.S. Constitutions."); State v. Bonner, 9th Dist. No. 23539, 2007-Ohio-7027, at ¶ 4.
 {¶ 19} In Foster, the Ohio Supreme Court identified a problem with Ohio's criminal sentencing structure, that is, its reliance on judicial fact-finding for the imposition of non-minimum and consecutive sentences, and cured it using the remedy of severance. The Court excised the unconstitutional parts of the statutes, enforcing the remainder.State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, at ¶ 97. Therefore, after Foster, sentencing judges are authorized to impose any sentence within the statutory range for the crime, without making findings of fact or otherwise stating reasons for non-minimum, maximum, or consecutive sentences. Id. at ¶ 99.
 {¶ 20} This was not the remedy sought by criminal defendants arguing that judicial fact-finding violated their right to trial by jury, but it was the remedy chosen by the Ohio Supreme Court. This Court is obligated to follow the dictates of the Ohio Supreme Court. McClanahan,2007-Ohio-1821, at ¶ 7 (quoting State v. Newman, 9th Dist. No. 23038,2006-Ohio-4082, at ¶ 11). Mr. Roper's fifth assignment of error is overruled. *Page 11 
 CONCLUSION {¶ 21} The judgment of the trial court is affirmed because it properly re-sentenced Mr. Roper, after a successful appeal, under the terms ofState v. Foster. Additionally, the trial court did not err in re-sentencing Mr. Roper over his objection, despite the fact that another judge had presided over his trial. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellant. *Page 12 
 SLABY, P. J. CARR, J. CONCUR *Page 1