DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Michael Reese pleaded guilty to rape, and the trial court sentenced him to ten years in prison. He appealed, and this Court affirmed his classification as a sexual predator, but reversed the trial court's sentencing decision and remanded the case for re-sentencing on the authority of State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856.State v. Reese, 9th Dist. No. 05CA0065-M, 2006-Ohio-2857. The trial court re-sentenced Mr. Reese to the same prison term. Mr. Reese appealed again, but this Court dismissed that appeal because the journal entry from which Mr. Reese appealed did not comply with Rule 32(C) of the Ohio Rules of Criminal Procedure. State v. Reese, 9th Dist. No. 06CA0066-M,2007-Ohio-2267. The trial court issued another journal entry on June 7, 2007, and Mr. Reese has again appealed. He has argued that applyingFoster in his case operated as an unconstitutional ex post facto law. This Court affirms *Page 2 
the decision of the trial court because the trial court did not err by sentencing Mr. Reese under Foster.
 EX POST FACTO LAW {¶ 2} Mr. Reese has argued that the trial court's application ofFoster on remand violated his right to due process. Specifically, he has argued that the Foster remedy operated as an unconstitutional ex postfacto law by creating "an unforeseen judicial enlargement of a criminal statute" that applies retroactively.
 {¶ 3} Mr. Reese has correctly pointed out that "`an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law' and can thereby violate the Due Process Clause of the Fourteenth Amendment. . . ." State v.Garner, 74 Ohio St. 3d 49, 57 (1995) (quoting Bouie v. City ofColumbia, 378 U.S. 347, 353 (1964)). This Court, however, has held on many occasions that application of Foster is not unconstitutional.State v. Roper, 9th Dist. No. 23454, 2008-Ohio-1053, at ¶ 17-20;State v. McClanahan, 9th Dist. No. 23380, 2007-Ohio-1821, at ¶ 7 (noting that "[i]n State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082, this Court rejected the argument that Foster's remedy violates the due process and ex post facto provisions of the Ohio and U.S. Constitutions."); State v. Bonner, 9th Dist. No. 23539, 2007-Ohio-7027, at ¶ 4.
 {¶ 4} In Foster, the Supreme Court held that the parts of Ohio's felony sentencing statutes that required judicial factfinding before a trial court could impose maximum, consecutive, or sentences greater than the minimum violated the Sixth Amendment to the United States Constitution. Foster, 2006-Ohio-856, at paragraph seven of the syllabus and ¶ 82-83. The Court severed the unconstitutional parts of the sentencing statutes, but enforced the rest. Id. at ¶ 97. The Court also concluded that trial courts have discretion to impose a sentence within the *Page 3 
statutory range without the need for findings of fact with respect to maximum, consecutive, or sentences greater than the minimum. Id
at paragraph seven of the syllabus and ¶ 99.
 {¶ 5} "This was not the remedy sought by criminal defendants arguing that judicial fact-finding violated their right to trial by jury, but it was the remedy chosen by the Ohio Supreme Court." Roper, 2008-Ohio-1053, at ¶ 20. This Court must follow the dictates of the Ohio Supreme Court.McClanahan, 2007-Ohio-1821, at ¶ 7 (quoting Newman, 2006-Ohio-4082, at ¶ 11). Mr. Reese's assignment of error is overruled.
 CONCLUSION {¶ 6} The trial court properly re-sentenced Mr. Reese under State v.Foster. His assignment of error is overruled, and the judgment of the Medina County Common Pleas Court is affirmed. Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 4 
Costs taxed to appellant.
 CARR, P. J. WHITMORE, J. CONCUR *Page 1