DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Michael P. Reese has appealed from the judgment of the Medina County Court of Common Pleas that sentenced him to 10 years incarceration and designated him a sexual predator. This Court affirms in part and reverses in part.
 I {¶ 2} On November 29, 2004, Defendant-Appellant Michael P. Reese was indicted on one count of rape, in violation of R.C.2907.02(A)(1)(b)(B), with the victim being under the age of 10. Appellant waived reading of the indictment and entered a plea of "not guilty."
 {¶ 3} On January 10, 2005, Appellant filed a motion to suppress and the State responded in opposition to Appellant's motion. A hearing was held on Appellant's motion to suppress on January 28, 2005 and the motion was denied.
 {¶ 4} On March 2, 2005, a change of plea hearing was held. Prior to Appellant's change of plea, the State moved to amend the indictment regarding the age of the victim to read "less than 13 years of age" rather than the original under 10 years of age. The trial court granted the State's motion to amend the charge and Appellant changed his formerly entered "not guilty" plea to "guilty." The trial court found Appellant guilty of rape and sentenced him to 10 years incarceration. The trial court also designated Appellant a sexual predator.
 {¶ 5} Appellant has appealed his sentence and the trial court's designation that he is a sexual predator. He has asserted three assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED BY IMPOSING A NONM-INIMUM SENTENCE ON THE APPELLANT BY MAKING FINDINGS THAT HAD NOT BEEN PROVEN BY A JURY OR ADMITTED BY THE APPELLANT IN VIOLATION OF THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION ANDWASHINGTON V. BLAKELY."
 {¶ 6} In his first assignment of error, Appellant has argued that the trial court erred in sentencing him beyond the minimum sentence. Specifically, Appellant has argued that the trial court violated his constitutional rights under the Sixth andFourteenth Amendments by making findings beyond the facts presented or admitted. During the pendency of Appellant's appeal, the Ohio Supreme Court issued decisions which directly impact his contentions.
 {¶ 7} The Ohio Supreme Court reviewed Ohio's sentencing guidelines in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court held that portions of Ohio's felony sentencing statutes are unconstitutional and therefore void. Specifically relevant to the instant matter is the treatment of R.C. 2929.14(C). Foster found R.C. 2929.14(C) unconstitutional and severed and excised it from Ohio's sentencing guidelines. Foster at ¶¶ 64 and 97. The Foster
Court held that defendants with cases pending on direct review, like Appellant, who were sentenced to the maximum under R.C.2929.14(C) were entitled to a new sentencing hearing. Id. at ¶¶ 104-105.
 {¶ 8} Appellant has argued that his Sixth andFourteenth Amendment rights were violated by R.C. 2929.14(C) because that statute requires the trial court to make factual determinations before imposing a maximum sentence. Upon review of Appellant's arguments and objections during sentencing and pursuant toFoster, we find that the imposition of Appellant's sentence under R.C. 2929.14(C) in this case was unconstitutional. SeeFoster, supra. Therefore, the instant matter must be remanded to the trial court for a new sentencing hearing consistent withFoster. Id. at ¶ 104. Appellant's first assignment of error has merit.
 Assignment of Error Number Two
"THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM SENTENCE ON THE APPELLANT WAS NOT SUPPORTED BY THE RECORD."
 {¶ 9} In his second assignment of error, Appellant has argued that the trial court's sentence is not supported by the record. Specifically, Appellant has argued that the trial court erred in finding under R.C. 2929.14(C) that he committed the worst form of the offense and because it failed to state its reasons and findings on the record when it found that he posed the greatest likelihood of committing future offenses. Given this Court's resolution of Appellant's first assignment of error, his second assignment of error is moot, and we decline to address it. See App.R. 12(A)(1)(c).
 Assignment of Error Number Three
"THE TRIAL COURT ERRED BY DESIGNATING THE APPELLANT A SEXUAL PREDATOR AS THE STATE FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO ENGAGE IN FUTURE SEXUALLY ORIENTED OFFENSES."
 {¶ 10} In his third assignment of error, Appellant has argued that the trial court erred in designating him a sexual predator. Specifically, he has argued that the trial court did not properly find that he was likely to engage in future sexually oriented offenses. We disagree.
 {¶ 11} Sexual predator classification is governed by R.C.2950.01 et seq. Pursuant to R.C. 2950.01(E)(1), a sexual predator is a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making this determination, a trial court must consider all relevant factors, including the following, which are contained in R.C. 2950.09(B)(3):
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record * * *, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 12} While the trial court is required to consider every factor in R.C. 2950.09(B)(3), it need not find that every factor applies to a case in order to determine that an individual is a sexual predator. State v. Smith (June 2, 1999), 9th Dist. No. 18622, at 5. However, the trial court's determination must be supported by clear and convincing evidence. State v. Bolyard,
9th Dist. No. 20810, 2002-Ohio-2203, at ¶ 10.
 {¶ 13} This Court reviews a trial court's determination that a defendant is a sexual predator under the clearly erroneous standard of review. State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. We will not reverse the trial court's determination if it is supported by some competent, credible evidence. Id. Reversal is reserved for exceptional cases, where a judgment is so contrary to all reasonable inferences which could be drawn from the evidence that the result is a "complete violation of substantial justice[.]" Shepherd v. Freeze, 9th Dist. No. 20879, 2002-Ohio-4252, at ¶ 8, quoting Royer v. Bd. ofEdn. (1977), 51 Ohio App.2d 17, 20.
 {¶ 14} In the case sub judice, Appellant pleaded guilty to rape of a child less than 13 years of age. Evidence at the hearing showed the following with regard to the relevant R.C.2950.09(B)(3) factors: Appellant is 29 years-old; Appellant was found guilty of OVI in 1999; the victim in this matter was a six year-old girl; Appellant is the victim's uncle; Appellant would sometimes baby sit the victim, including overnight; the victim stated that Appellant touched her private areas and forced her to perform oral sex on him; Appellant assaulted the victim when she was six and seven years old; Appellant told the victim she needed to keep the activity a secret or he would go to jail; Appellant admitted to touching the victim in a sexual manner on two occasions and forcing her to perform oral sex on him; Appellant committed the offense because he was "horny"; Appellant admitted he has gross sexual desires and that he needs help for those problems; Appellant has an alcohol abuse problem; during the abuse Appellant told the victim "That's what moms do-mommies do"; Appellant asked the victim if what he was doing felt good and she answered "no"; Appellant made the victim stand around his apartment naked; the victim stated that Appellant put his penis in her "butt" and when she told him to stop, he would not stop; Appellant only stopped the abuse when he fell asleep or someone else was there; Appellant would lay on top of the victim on the couch or on the bed; Appellant forced the victim to watch pornographic movies while he abused her; and when the victim attempted to avoid watching the movies by hiding her head with a blanket he would take the blanket away. The probation department found that Appellant was in the moderate range of violence and the moderate range to re-offend.
 {¶ 15} We find it important to recognize that in addition to the specific facts of this case, we have previously noted that:
"The overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. * * * The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." (Citations omitted.) State v. Austin (Nov. 21, 2001), 9th Dist. No. 20554, at 6.
 {¶ 16} After reviewing the evidence in the record, we cannot find that the decision of the trial court classifying Appellant a sexual predator was clearly erroneous. The finding that Appellant is likely to re-offend is supported by competent, credible evidence, and this Court cannot say there was a "complete violation of substantial justice." Appellant's third assignment of error lacks merit.
 III {¶ 17} Appellant's first assignment of error is sustained. Appellant's second assignment of error is moot. Appellant's third assignment of error is overruled. The judgment of the trial court is reversed in part and affirmed in part and the matter is remanded to the trial court for proceedings consistent with this opinion.[1]
Judgment reversed in part, affirmed in part, and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to to both parties equally.
Boyle, J. concurs.
 Carr, J. concurs in judgment only.
[1] This matter is remanded for a sentencing hearing only. The sexual predator classification is affirmed and the trial court need not conduct another sexual offender hearing.