DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Juanita Thornton, appeals from her convictions and sentence in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On August 1, 2005, Sarah Smart ("Smart"), the victim in the instant case, was assaulted in her home. Prior to the assault, Smart had been at the home of Bryon Hood ("Hood"), whom she alleged attempted to rape her. Smart called the police regarding the rape and then went to the hospital. Smart left the hospital and returned to her home at approximately 10:00 A.M. Smart's friend, David Huston ("Huston"), was with her at her home. At approximately 3:00 P.M., *Page 2 
Huston and Smart heard a knock at the door. Smart answered the door and found Appellant, who accused Smart of sleeping with her boyfriend, Slim. Smart informed Appellant that she did not know who she was, nor did she know a man named Slim. Appellant pushed Smart into her home and attacked her. Huston observed the attack and went to his own home to call the police.
 {¶ 3} Akron Police Officer Lauri Natko ("Natko") was the first to respond to the scene. Upon arrival, Natko spoke with Smart and Huston. Natko noted that Smart was crying and her face and eye were red. Smart and Huston described Appellant to Natko. Several days later, Detective Russ McFarland ("McFarland") spoke with Smart about both the rape and the subsequent attack. McFarland had assembled a photo array and Smart and Huston independently identified Appellant as the attacker.
 {¶ 4} On January 17, 2006, Appellant was indicted on one count of burglary, in violation of R.C. 2911.12(A)(1), one count of assault, in violation of R.C. 2903.13(A), one count of criminal damaging, in violation of R.C. 2909.06(A)(1), and one count of retaliation, in violation of R.C. 2921.05(B). Appellant pled not guilty to the charges and on August 17, 2006, the matter proceeded to trial. Before trial, the retaliation charge was dismissed. At the close of the case, the jury found Appellant not guilty of criminal damaging, but guilty of assault and burglary. The trial court sentenced Appellant to five years incarceration on the burglary charge, and six months incarceration on the assault *Page 3 
charge, to run concurrently. Appellant timely appealed from her convictions and sentence, raising four assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "[APPELLANT'S] TRIAL COUNSEL'S PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS. THIS INEFFECTIVENESS UNFAIRLY PREJUDICED [APPELLANT] AND DENIED HER A FAIR TRIAL[.]"
 {¶ 5} In her first assignment of error, Appellant contends that her trial counsel fell below an objective standard of reasonableness that unfairly prejudiced her and denied her a fair trial. Specifically, Appellant finds fault with her trial counsel's failure to object to alleged hearsay statements testified to by McFarland and Natko, and the failure to challenge the relevancy of Smart's earlier accusation of Hood. Appellant further states that she was prejudiced at sentencing, contending that counsel failed to object when she was sentenced to more than the minimum sentence. We do not agree.
 {¶ 6} In evaluating an ineffective assistance of counsel claim, this Court employs the two step process as described in Strickland v.Washington (1984), 466 U.S. 668, 687. First, the Court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Bradley (1989),42 Ohio St.3d 136, 141; State v. Lytle (1976), 48 Ohio St.2d 391, 396, vacated in part on other grounds. Second, the Court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley, *Page 4 42 Ohio St.3d at 141-142, citing Lytle, 48 Ohio St.2d at 396-397. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel.Bradley, 42 Ohio St.3d at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, 446 U.S. at 687.
The link between Appellant and Hood {¶ 7} Appellant contends that her trial counsel was ineffective by failing to object to McFarland's testimony regarding his investigation and the link between Appellant and Hood because this testimony was inadmissible hearsay. We have consistently held that "trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel." State v. Taylor, 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 76; State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 24; State v. Guenther, 9th Dist. No. 05CA008663, 2006-Ohio-767, at ¶ 74. On direct examination, McFarland testified that Appellant and Hood had an address in common. According to McFarland, Appellant resided in an apartment immediately prior to Hood's occupancy. The apartment was approximately 200 feet from the victim's home, where she was attacked. This connection led McFarland to investigate Appellant's criminal history, which led him to include Appellant's photo in the photo array he prepared *Page 5 
and presented to Smart and Huston. Both identified Appellant from the assembled photos as the woman who attacked Smart. Appellant contends that her trial counsel failed to object to this testimony, which was "the only potential link [Appellant] may have had to Byron Hood and Ms. Smart." Contrary to Appellant's contention, our review of the record shows that Appellant's counsel did object to McFarland's testimony regarding his investigation and the potential link. When asked by the prosecutor, "what connection, if any, did you find between Byron Hood and [Appellant,]" Appellant's counsel objected. The trial court overruled this objection, finding that McFarland could testify about his investigation. Had Appellant's counsel failed to object, however, McFarland's testimony was clearly admissible. "[T]estimony offered to explain an individual or an agency's motivation for investigating a matter has not been considered hearsay and/or inadmissible." In reMiller Children, 11th Dist. No. 2006-A-0046, 2007-Ohio-2170, at ¶ 31, citing State v. Thomas (1980), 61 Ohio St.2d 223, 232 ("[t]he testimony at issue was offered to explain the subsequent investigative activities of the witnesses" and "was not offered to prove the truth of the matter asserted"). We see nothing objectionable to McFarland's testimony regarding his investigation. As we find that the testimony was properly admitted, albeit over objection, Appellant cannot show that she was prejudiced by her counsel's alleged error. Appellant further appears to argue that the State referred to McFarland's testimony in closing argument, not as a reference to his investigation, but to prove *Page 6 
the truth of the matter asserted. However, Appellant has failed to fully address this issue in that she has not provided any argument or case law to support it, rather only citing a page number from the record. See App.R. 12(A)(2). Further, the trial judge properly instructed the jury that "the closing arguments given by the attorneys do not constitute evidence." We presume that the jury followed these instructions, and as such, Appellant was not prejudiced by any statements made during closing arguments. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph four of the syllabus. Accordingly, we find Appellant's counsel was not ineffective with regard to McFarland's testimony.
Failure to object to alleged irrelevant evidence {¶ 8} Appellant next argues that her trial counsel was ineffective for failing to object to Smart's accusation that Hood raped her. Appellant contends this accusation was irrelevant. We do not agree.
 {¶ 9} As stated above, a "trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel." Taylor, supra. "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. In the present case, testimony that Smart had been raped earlier in the day was relevant to a fact of consequence, i.e., motive. During that attack, Appellant accused Smart of sleeping with "my man, Slim[.]" *Page 7 
When coupled with the statement and the link between Hood and Appellant, the rape accusation is relevant to a motive of retaliation. Further, we "will not second-guess strategic decisions of defense counsel." Taylor, supra, citing State v. Carter (1995),72 Ohio St.3d 545, 558.
Failure to object during Natko's testimony {¶ 10} Appellant argues her counsel was ineffective for failing to object to Natko's testimony regarding what Smart told her that night. Again, the decision to object to testimony is "within the realm of trial tactics" and we will not second guess Appellant's counsel's decision regarding strategy. Taylor, supra. However, Appellant cannot show prejudice in this instance, as the statements were properly admitted under the excited utterance exception to the hearsay rule. An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Evid.R. 803(2). Natko testified that when she talked with Smart, approximately 30 minutes after the attack, Smart was crying, "shaking and she was upset." Smart was clearly still under the stress of excitement stemming from an attack that occurred 30 minutes earlier. Therefore, Appellant cannot show that an objection would have changed the outcome of her trial. Accordingly, Appellant's counsel was not ineffective.
Failure to object at sentencing *Page 8 {¶ 11} Appellant contends her counsel was ineffective at her sentencing for failing to object to the court sentencing her to more than the minimum sentence. Appellant has failed to demonstrate that the result of her sentence would have been different but for the alleged errors of her trial counsel. In State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the Ohio Supreme Court granted the trial courts full discretion to impose sentences within the statutory range and relieved the trial courts of the need to make findings in support of an imposition of a maximum, consecutive or more than the minimum sentence. Id. at paragraph seven of the syllabus. Prior to Foster, this Court held that Blakely v. Washington (2004), 542 U.S. 296, was inapplicable to Ohio's sentencing scheme and that along with Apprendi v. New Jersey
(2000), 530 U.S. 466, it did not bar an Ohio trial court from exercising its traditional sentencing discretion. State v. Mitchell, 9th Dist. No. 22830, 2005-Ohio-6915, at ¶ 10 (appeal allowed, judgment reversed). Bothpre-Foster and post-Foster, it was within the trial court's discretion to impose a sentence within the statutory range. Therefore, Appellant has not met her burden to demonstrate that had her counsel objected to the sentence, the trial court would have reconsidered sentencing her to more than the minimum sentence. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II *Page 9 "THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO PROVE AN ESSENTIAL ELEMENT OF BURGLARY."
 ASSIGNMENT OF ERROR III "PURSUANT TO ARTICLE IV § 3(B)(3) OF THE OHIO CONSTITUTION, THE VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL[.]"
 {¶ 12} In her second and third assignment of error, Appellant contends that her conviction for assault was against the manifest weight of the evidence and that the burglary conviction was against the manifest weight of the evidence and based on insufficient evidence. We do not agree.
 {¶ 13} At the outset we note that Appellant moved for acquittal pursuant to Crim.R. 29 at the close of the State's case in chief. The trial court denied this motion. Appellant then presented one witness in her defense. After resting, however, Appellant failed to renew her Crim.R. 29 motion. We have consistently held that a criminal defendant must enter a timely Crim.R. 29 motion in order to preserve the issue for appellate review. State v. Jaynes, 9th Dist. No. 20937, 2002-Ohio-4527, at ¶ 7, citing State v. Roe (1989), 41 Ohio St.3d 18, 25. Further, we have found waiver when a defendant who is tried before a jury puts on a defense and fails to renew her motion for acquittal at the close of all the evidence. Jaynes, supra, at ¶ 7, quoting State v. Miley (1996),114 Ohio App.3d 738, 742. We, along with numerous other Ohio appellate courts, have found support for this position in Roe,41 Ohio St.3d at 25, and Dayton v. Rogers (1979), *Page 10 60 Ohio St.2d 162, 163. However, several of our sister districts have recently found that a failure to enter a Crim.R. 29 motion is not fatal to a sufficiency argument on appeal.
 "`In two apparently little-recognized cases 
the Ohio Supreme Court stated that a failure to timely file a Crim.R. 29(A) motion during a jury trial does not waive an argument on appeal concerning the sufficiency of the evidence. See State v. Jones (2001), 91 Ohio St.3d 335, 346 ; State v. Carter (1992), 64 Ohio St.3d 218, 223 . In both Jones and Carter, the Ohio Supreme Court stated that the defendant's `not guilty' plea preserves his right to object to the alleged insufficiency of the evidence. Id. Moreover, because `a conviction based on legally insufficient evidence constitutes a denial of due process,' State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387, a conviction based upon insufficient evidence would almost always amount to plain error.' State v. Barringer, 11th Dist. No. 2004-P-0083, 2006-Ohio-2649, at ¶ 59; State v. Coe (2003), 153 Ohio App.3d 44, 48-49, 2003-Ohio-2732, at ¶ 19." State v. Brown, 5th Dist. No. 2006-CA-53, 2007-Ohio-2005, at ¶ 35.
 {¶ 14} We find this reasoning persuasive. Accordingly, for purposes of this review, we do not consider Appellant to have waived her right to argue sufficiency on appeal, and we will address the merits of her argument.
 {¶ 15} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390. Further,
 "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. *Page 11 
Therefore, we will address Appellant's claims that his convictions were against the manifest weight of the evidence first, as they are dispositive of Appellant's claims of insufficiency.
 {¶ 16} When a defendant asserts that his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. In the instant case Appellant argues that the greater weight of the evidence supports her contention that she was not the individual who attacked Smart. Further, Appellant argues that the jury's resolution of the issue of force required for a burglary conviction under R.C. 2911.12 was against the manifest weight of the evidence.
Force {¶ 17} R.C. 2911.12(A)(1) states that:
 "(A) No person, by force, stealth, or deception, shall do any of the following:
 "(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense[.]" *Page 12 
 {¶ 18} "Force" is defined under R.C. 2901.01(A)(1) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." During her testimony, Smart stated that she was on the phone when there was a knock on the door. When she opened the door, Appellant, whom Smart had never seen, was standing outside. According to Smart, Appellant repeatedly accused her of sleeping with a man named Slim, and further questioned her about her boyfriend. Smart testified that "she grabbed me by my hair and she came in my house and grabbed me by my hair and threw me in the corner and started hitting me and punching me." The State sought to clarify this answer when the prosecutor asked, "when you opened the door, she pushed you into your apartment; is that fair?" Smart answered "yes". Huston also witnessed the attack. He testified on cross-examination that "[s]he came inside without being invited[.]" The burglary statute does not specify the amount of force necessary to establish the element of force. We have found force where a defendant pushed his way into the slightly ajar door of an apartment. State v. Kimbrough (Sept. 21, 1994), 9th Dist. No. 93CA005625, at *5. Further, we have found the element of force was established with testimony that an appellant pushed his way past a homeowner to gain entrance to the home. State v. Divincenzo, 9th Dist. No. 05CA0105-M, 2006-Ohio-6330, at ¶ 24. In this instance, there was testimony before the jury that Appellant pushed Smart into her apartment and attacked her. We find the jury did not lose its way when it *Page 13 
determined Appellant used force to enter Smart's home and convicted her of burglary.
Identity {¶ 19} Appellant argues that the jury lost its way in determining that Appellant was the perpetrator of the assault and burglary. We do not agree.
 {¶ 20} Both Smart and Huston testified that Appellant, whom they independently identified in court, attacked Smart. Further, both were able to identify Appellant from a photo array prepared and presented to them by McFarland. McFarland testified to Smart's demeanor when he handed her the photo array. "I saw her looking at it. I could tell where she was looking at. And she went right to the photo. She did look at the others and she came back to it. She made the comment, that's her. That's definitely her." He then testified that Huston also identified Appellant from the photo array. "I watched him as he looked at it. He was even quicker. He looked right at it and said, that's her. But then I seen (sic) him also look at the others to be sure. And he did not change, and he said, that's her. That's definitely her. There is no doubt about it." The State also presented the results of a polygraph examination that Appellant had taken. According to Keith Lowry ("Lowry"), the polygraph examiner, Appellant contacted him to set up an appointment for a polygraph test. Lowry testified that "[i]t is my professional opinion that [Appellant] was not truthful throughout the polygraph examination interview." According to Lowry, Appellant was not *Page 14 
truthful when asked if she assaulted anyone in Akron on August 1, 2005, when asked specifically if she had assaulted Smart, and when asked if she had been at Smart's home on August 1, 2005.
 {¶ 21} In her defense, Appellant presented one alibi witness. Tyishea Gross testified that she was with Appellant in Cleveland when the attack occurred. We have held that, "in reaching its verdict, the jury is free to believe, all, part, or none of the testimony of each witness."Prince v. Jordan, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 35, citing State v. Jackson (1993), 86 Ohio App.3d 29, 33. As the finder of fact, the jury was entitled to reconcile any differences and inconsistencies in the testimony and determine that the manifest weight of the evidence supported a finding of guilt. See State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Thus, this Court will defer to the factfinder's judgment on matters of credibility.State v. Young, 9th Dist. No. 22636, 2006-Ohio-68, at ¶ 35, citingState v. Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118, at *6. Upon review of the record, we cannot find that the jury clearly lost its way when it believed the testimony of the State's witnesses. Accordingly, Appellant's convictions were not against the manifest weight of the evidence. As this Court has disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his challenge to its sufficiency on these claims. Roberts, supra, at *5. Therefore, Appellant's assignments of error are overruled.
 ASSIGNMENT OF ERROR IV *Page 15 "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ALLOW THE WITNESS TO TAKE A CLOSER LOOK AT [APPELLANT] TO DETERMINE IF SHE IN FACT HAD A PIERCING."
 {¶ 22} Appellant contends that the trial court abused its discretion by failing to allow the witness to take a closer look at her to determine if she in fact had a piercing. This argument lacks merit.
 {¶ 23} In the instant case, Appellant has not supported her argument with citations to the authorities as required under App.R. 16(A)(7). Accordingly, "[i]f an argument exists that can support [Appellant's contentions], it is not this court's duty to root it out." Cardone v.Cardone (May 6, 1998), 9th Dist. No. 18349, at *8. As Appellant's argument fails to comply with the foregoing appellate rule requirement, she has failed to meet her burden on appeal. This Court, therefore, is permitted to disregard her argument in its entirety. Loc.R. 7(F). Appellant's fourth assignment of error is overruled.
 III. {¶ 24} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 16 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 1