[Cite as *State v. Feaster*, 2012-Ohio-4383.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO                              C.A. No.        26239

    Appellee

    v.                                    APPEAL FROM JUDGMENT
                                          ENTERED IN THE
SAMUEL W. FEASTER, III                     COURT OF COMMON PLEAS
                                          COUNTY OF SUMMIT, OHIO
    Appellant                             CASE No.        CR 11 07 1759

DECISION AND JOURNAL ENTRY

Dated: September 26, 2012

---

BELFANCE, Judge.

{¶1} Defendant-Appellant Samuel Feaster, III appeals from his conviction in the Summit County Court of Common Pleas. For the reasons set forth below, we reverse.

I.

{¶2} Based upon events that took place on June 17, 2011, Mr. Feaster was ultimately indicted on one count of sexual battery in violation of R.C. 2907.03(A)(3), one count of criminal damaging in violation of R.C. 2909.06(A)(1), one count of sexual battery in violation of R.C. 2907.03(A)(2), and one count of rape in violation R.C. 2907.02(A)(1)(c). The matter proceeded to a jury trial. Mr. Feaster did not present a defense. After hearing all the evidence, the jury found Mr. Feaster not guilty of rape and the two counts of sexual battery and guilty of criminal damaging. The trial court sentenced Mr. Feaster to 90 days in jail and ordered him to pay court costs. The record reflects that, at the time of sentencing, Mr. Feaster had already spent over 90 days in jail.

{¶3} Mr. Feaster filed a motion for a delayed appeal, which was granted. He now raises four assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED FEASTER'S CRIM.R. 29(A) MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR CRIMINAL DAMAGING.

{¶4} In his merit brief, Mr. Feaster asserts that, in reviewing all of the evidence, his conviction for criminal damaging was based on insufficient evidence. Specifically, he asserts that the State failed to establish that the property was the property of another and that Mr. Feaster lacked consent to damage the property.

{¶5} While Mr. Feaster frames his argument in terms of both the denial his Crim.R. 29 motion and the sufficiency of the evidence, as the separate opinion points out, there is a strong suggestion that Mr. Feaster waived the review of his Crim.R. 29 argument. *See State v. Thornton,* 9th Dist. No. 23417, 2007-Ohio-3743, ¶ 13. Nonetheless, because a failure of the State to present sufficient evidence to sustain Mr. Feaster's conviction for criminal damaging would amount to a denial of due process and plain error, we review the sufficiency of his conviction. *Id.*

{¶6} In determining whether the evidence presented was sufficient to sustain a conviction, this Court reviews the evidence in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259, 274 (1991). Furthermore:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶7} R.C. 2909.06(A)(1) provides that "[n]o person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent: Knowingly, by any means[.]" "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶8} We initially observe that the vast majority of the testimony in this case focused upon the rape and sexual battery charges. Upon careful review of the record and when viewing the evidence in a light most favorable to the prosecution, we conclude that the State failed to elicit testimony connected to all of the elements of the offense of criminal damaging.

{¶9} The testimony revealed that, on June 17, 2011, Mr. Feaster was living at 341 Talbot Avenue with the mother of his child and girlfriend, L.Y., L.Y.'s mother, L.Y.'s and Mr. Feaster's son, and L.Y.'s son. At the time, Mr. Feaster was on house arrest. During the day prior to the alleged assault, L.Y.'s adult daughter, S.O., came over with her two children. L.Y., S.O., and Mr. Feaster spent much of the afternoon and evening playing cards, eating, and drinking in the garage. S.O. became very intoxicated. L.Y. testified that she put S.O. to bed on the couch and went to bed with Mr. Feaster at 3:40 a.m. on June 17, 2011. Sometime in the middle of the night, L.Y. noticed Mr. Feaster get out of bed and leave the room. L.Y. dozed off and awoke to find Mr. Feaster still gone. She got up and proceeded to look for him. L.Y. asserted that she found Mr. Feaster performing oral sex on S.O., who was unconscious. L.Y. began to hit Mr. Feaster and scream at him, demanding that he leave. L.Y. woke up both Mr.

Feaster's son and L.Y.'s mother and told them what had occurred. L.Y. and L.Y.'s mother followed Mr. Feaster to the door and L.Y. locked the door behind Mr. Feaster. After which, Mr. Feaster "kicked the door in[,]" causing damage evidenced by photographs submitted at trial. L.Y. then proceeded to call 911.

{¶10} While there was testimony which indicated in passing that the house and/or the door was L.Y.'s or L.Y.'s mother's, there was no testimony discussing who owned the house, whether it was owned or rented, whether Mr. Feaster was on the lease (if there was one), or whether Mr. Feaster paid rent. All that is really known from the evidence is that Mr. Feaster lived in the house, that he was on house arrest, and that his child and girlfriend also lived in that same house, along with L.Y.'s mom and L.Y.'s other son. It is not possible to determine who, if anyone, had superior rights of possession or ownership in the property. Further, there is no evidence to suggest that Mr. Feaster had anything but the unfettered right to access and use the house. Thus, when considering the extremely limited evidence in a light most favorable to the prosecution, we conclude that the State failed to present evidence establishing beyond a reasonable doubt that the door at issue was "any property of another[.]" R.C. 2909.06(A)(1).

{¶11} By its plain language, R.C. 2909.06(A)(1) requires the State to prove as an essential element that the defendant caused or created a substantial risk of physical harm to "any property of another[.]" *See also Akron v. Garrett*, 9th Dist. No. 24412, 2009-Ohio-1522, ¶ 11. And "[w]hile the State may rely upon circumstantial evidence to meet its burden of proof, [w]e simply cannot fill in the blanks * * * where the [S]tate has failed to meet its burden of proving all the elements [] beyond a reasonable doubt." (Internal quotations and citations omitted.) *Id*. In the instant matter, there is not even evidence which would reasonably allow one to infer that the door was "any property of another[.]" R.C. 2909.06(A)(1). Accordingly, we sustain Mr.

Feaster's first assignment of error, reverse Mr. Feaster's conviction for criminal damaging, and remand the matter so that the trial court can issue an entry reflecting the same.

## ASSIGNMENT OF ERROR II

FEASTER'S CONVICTION FOR CRIMINAL DAMAGING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST FEASTER WITHOUT COMPLYING WITH R.C. 2947.23(A).

## ASSIGNMENT OF ERROR IV

FEASTER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF COURT COSTS UNDER R.C. 2947.23(A) WAS DEFECTIVE.

{¶12} Mr. Feaster asserts in his second assignment of error that his conviction for criminal damaging is against the manifest weight of the evidence. Mr. Feaster asserts in his third assignment of error that the trial court committed plain error in imposing court costs without complying with R.C. 2947.23(A). Mr. Feaster argues in his fourth assignment of error that his trial counsel was ineffective for failing to assert that the trial court's imposition of court costs failed to comply with the requirements in R.C. 2947.23(A). In light of our resolution of Mr. Feaster's first assignment of error, his remaining assignments of error are moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶13} In light of the foregoing, we sustain Mr. Feaster's first assignment of error and reverse his conviction for criminal damaging. Mr. Feaster's remaining assignments of error are moot. Therefore, we reverse the judgment of the Summit County Court of Common Pleas.

6

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

DICKINSON, J.
CONCURS.

WHITMORE, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶14} I agree that this case must be remanded, but would do so only to allow Feaster to seek a waiver of costs in the court below. The record reflects that Feaster waived his Crim.R. 29 argument, his conviction is not against the manifest weight of the evidence, and his ineffective assistance of counsel argument is moot. Accordingly, I concur in part and dissent in part.

{¶15} "We have repeatedly held that when an [a]ppellant sets forth specific grounds in his Crim.R. 29 motion, he forfeits all other arguments on appeal." *State v. Partee*, 9th Dist. No. 23643, 2007-Ohio-5114, ¶ 22. Here, the record reflects that Feaster did more than simply forfeit his argument; he waived it. At the time defense counsel made his Crim.R. 29 motion, he stated:

> [DEFENSE COUNSEL:] * * * At this point in time, sir, pursuant to Ohio criminal rules, I am moving for a directed verdict of judgment of acquittal with respect to all charges. You've heard the evidence in this case. It is sketchy at best. The victim testifies she has no recollection of the events that happened, and the rape charge seems to have no support whatsoever, given the fact that the DNA testimony and the DNA [expert] that came in and spoke * * * indicated all the possibilities for that DNA. I don't think it's been borne out in any way, shape, or form sufficient to go to a jury that my client engaged in rape with the victim.
>
> That also goes for sexual battery.
>
> I would reserve -- *I would concede, I would say, the criminal damaging charges. I would just concede that.* That's not the element of my case.
>
> As to the charges of a sexual nature we're asking for a directed verdict and judgment of acquittal.

(Emphasis added.) Accordingly, Feaster conceded the charge that the majority now seeks to reverse. Feaster's acquittal argument is not properly before this Court, as the record reflects that he waived that argument. *State v. Reed*, 9th Dist. No. 07CA0026-M, 2008-Ohio-1880, ¶ 15 ("By deciding not to seek an acquittal pursuant to Crim.R. 29, Reed waived the argument and may not assert it for the first time on appeal."). I, therefore, would overrule his first assignment of error.

{¶16} In his second assignment of error, Feaster argues that his criminal damaging conviction is against the manifest weight of the evidence. His argument, however, is that the State presented no evidence on certain elements of his conviction. "[H]e fails to set forth 'any argument concerning the credibility of the evidence presented or the weight of the credible evidence.'" *State v. Schmitz*, 9th Dist. Nos. 11CA010043 & 11CA010044, 2012-Ohio-2979, ¶ 36, quoting *State v. Wilson*, 9th Dist. No. 25100, 2011-Ohio-4072, ¶ 21. Because Feaster only

presented a sufficiency argument, and not a weight argument, I would not conduct a manifest weight analysis. *Schmitz* at ¶ 36. As such, I would overrule Feaster's second assignment of error.

{¶17} In his third assignment of error, Feaster argues that the court erred by imposing costs upon him without first orally informing him of his obligation to pay costs and affording him an opportunity to seek a waiver of payment. Feaster is correct that the court imposed costs upon him without first allowing him to seek a waiver. "A trial court commits reversible error when it imposes costs * * * against a defendant in the absence of such a notification." *State v. El-Jones*, 9th Dist. No. 26136, 2012-Ohio-4134, ¶ 37. Accordingly, I would sustain Feaster's third assignment of error and remand the matter to allow him to seek a waiver of court costs. And, in light of the resolution of Feaster's third assignment of error, I would conclude that his ineffective assistance of counsel argument is moot and overrule it as such. *Id.* at ¶ 39.

{¶18} Because I would overrule all but Feaster's third assignment of error, I concur in part and dissent in part.


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.