[Cite as *State v. Tate*, 2013-Ohio-570.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No. 97804

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES TATE II

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND VACATED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-550840

**BEFORE:** E.A. Gallagher, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 21, 2013

**ATTORNEYS FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114

Donald R. Murphy
12800 Shaker Blvd.
Cleveland, Ohio   44120


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Mollie Ann Murphy
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} James Tate II appeals from his conviction in the Cuyahoga County Court of Common Pleas of two counts of kidnapping, importuning, gross sexual imposition and public indecency. We reverse the judgment of the trial court and vacate the appellant's convictions.

{¶2} The facts presented at a bench trial were that on February 12, 2012, B.P., a female 14 years of age at the time, went to the Euclid Public Library with two female friends, T.W. and L.J. T.W. and L.J. entered the library while B.P. stood outside alone. B.P. was approached by an adult male who told her about a study group located away from the library, behind nearby tennis courts. Under the guise of being shown the location of the study group, B.P. walked away from the library with the man who began talking to her about his business. The man eventually began talking to B.P. about her body, telling her that "she could make alot of money in one night."

{¶3} T.W. and L.J. observed B.P. walking away from the library with the man and B.P. did not respond to their attempts to call to her other than to signal behind her back for them to follow her. The man led B.P. behind the entrance to Euclid's Memorial Pool where he told her that he wanted to make sure she was "committed to the business." The man grabbed B.P.'s arm and she was pulled to her knees on the ground. The man unzipped his zipper, removed his penis and used his grip on B.P. to rub her

hand against his penis. B.P.'s phone buzzed at this point and she got off the ground claiming that her mother was at the library. B.P. and the man walked back toward the library and encountered T.W. and L.J. The man told B.P. that her friends did not need to know what had occurred and gave the three girls fliers for his business. B.P., T.W. and L.J. walked back to the library with the man walking some distance behind them.

{¶4} Once inside the library, B.P. recounted the events to T.W. and L.J. who encouraged her to report the incident to the police. The three girls departed the library for the Euclid police station but not before seeing the same man inside the library, seated at a computer.

{¶5} The girls recounted the incident to Euclid police who responded to the library and arrested appellant after his phone rang when the police dispatch called the phone number on the fliers presented by the girls.

{¶6} Following a bench trial, the trial court found appellant guilty of two counts of kidnapping, importuning, gross sexual imposition and public indecency. The trial court imposed a prison term of seven years for each count of kidnapping, eighteen months for each count of importuning and gross sexual imposition and six months for public indecency. All terms were ordered to be run concurrently.

{¶7} In his first assignment of error, Tate argues that the state failed to present sufficient evidence to support his convictions. In his second assignment of error, Tate contends that his convictions are against the manifest weight of the evidence. We

consider the assignments of error together because they are related.

{¶8} At the close of the state's case, appellant moved, pursuant to Crim.R. 29, for the charges against him to be dismissed. The trial court denied the motion. A Crim.R. 29 motion challenges the legal sufficiency of the evidence. The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. No. 92266, 2009-Ohio- 3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

{¶9} A manifest weight challenge, on the other hand, questions whether the prosecution met its burden of persuasion. *State v. Byrd*, 8th Dist. No. 98037, 2012-Ohio-5728, ¶ 27. When considering a manifest weight challenge, a reviewing court reviews the entire record, weighs the evidence and all reasonable inferences therefrom, considers the credibility of the witnesses and determines whether the finder of fact clearly lost its way. *State v. Jackson*, 8th Dist. No. 86542, 2006-Ohio-1938, ¶ 29. A reviewing court may reverse the judgment of conviction if it appears that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.*

{¶10} The record before the court is devoid of any testimony from the victim or either of her two friends identifying the appellant as the perpetrator.

**{¶11}** "A long-established principle of criminal law is that the prosecution must prove 'beyond a reasonable doubt' the identity of the accused as the person who actually committed the crime." *Cleveland Metroparks v. Lawrence*, 8th Dist. No. 98085, 2012-Ohio-5729, ¶ 13, quoting *In re K.S.*, 8th Dist. No. 97343, 2012-Ohio-2388. In-court idenfication of the defendant by a victim or witness may be the most common method of establishing such identity, but it is not mandatory. *Id.*

**{¶12}** The failure to conduct an in-court identification is not fatal to the state's case when the circumstances of the trial indicate the accused is indeed the person about whom the witnesses are testifying. *State v. Melton*, 8th Dist. No. 87186, 2006-Ohio-5610, ¶ 13; *State v. Shinholster*, 9th Dist. No. 25328, 2011-Ohio-2244, ¶ 24.

**{¶13}** In the case subjudice, there was not sufficient evidence, circumstantial or otherwise, that the appellant was "the man" repeatedly referenced in the testimony of the victim and her two friends. There is absolutely no explanation on the record for the state's failure to even attempt to elicit an in-court identification of the appellant from the victim or the other two witnesses. The record is clear, however, that the victim stood solely in the best position to make such an identification. According to her own testimony she was approached by a man, spent a reasonable amount of time conversing with him, accompanied him on a walk to the location of the alleged crimes and later recognized him inside the library.

**{¶14}** As in *Cleveland Metroparks* however, the witnesses who had direct contact with the perpetrator, B.P., T.W. and L.J., were never asked to identify the appellant in

court and never viewed a photo array in which they identified the appellant as the perpetrator. As such, the trial court erred in denying appellant's Crim.R. 29 motion as to all counts.[1]

{¶15} Although we find appellant's first assignment of error to be meritorious and dispositive of the present appeal, we briefly address the Evid.R. 404(B) issue raised in appellant's third assignment of error. In light of our reversal of appellant's convictions as a result of his first assignment of error we need not address his argument that his trial counsel provided ineffective assistance of counsel by way of cumulative error due to his failure to object to inadmissible other-acts evidence under Evid.R. 404(B). However, we do briefly note that the evidence in question, which was admitted without objection at trial, was clearly in violation of Evid.R. 404(B).

{¶16} The state presented the testimony of Heather Culver who described an encounter with a man outside the Euclid public library on February 2, 2012. Culver was eighteen years of age at the time. She testified that after a man began conversing with her outside the library and asked for her phone number she ran inside the library and reported the interaction to the library administration and eventually the Euclid Police Department. At trial she identified the appellant as the man who approached her.

---

[1] Although appellant's first assignment of error presents arguments challenging the sufficiency of the evidence supporting only his convictions for kidnapping and gross sexual imposition, the failure of the state to present sufficient evidence of the perpetrator's identity to sustain *any* of the convictions amounts to a denial of due process and plain error. *Cleveland v. Tisdale,* 8th Dist. No. 89877, 2008-Ohio-2807,¶ 22; *State v. Feaster,* 9th Dist. No. 26239, 2012-Ohio-4383, ¶ 5. Our sufficiency analysis thus includes each of appellant's convictions.

{¶17} Under well-established Ohio law it is ordinarily presumed that in a bench trial in a criminal case the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary. *State v. Eley*, 77 Ohio St.3d 174, 181, 672 N.E.2d 640 (1996), citing *State v. Post*, 32 Ohio St.3d 380, 384, 513 N.E.2d 754 (1987). The trial court in the present instance denied a belated objection by appellant's counsel to the testimony of Culver. The court noted that Culver's testimony had been addressed at a pretrial where the prosecution indicated its intent to present it and appellant's counsel had offered no objection.[2]

{¶18} R.C. 2945.59 states that "[i]n any criminal case in which the defendant's motive * * *, intent, * * * absence of mistake or accident * * *, scheme, plan, or system in doing an act is material," other acts that tend to prove these things are admissible into evidence.

{¶19} Additionally, Evid.R. 404(B) states that:

> evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

{¶20} Culver's testimony plainly did not qualify as relevant Evid.R. 404(B) testimony as Culver's brief interaction with the appellant did not involve in any manner a request for sex, an attempt to lure her away from the library by deception, or any other

---

[2] Prior to trial the state filed a notice of intent to use 404(B) evidence of prior acts. That motion, however, pertained to completely unrelated evidence and did not address Culver's testimony.

criminal activity. Furthermore, Culver, unlike B.P., was eighteen years of age at the time of the encounter.

{¶21} We recognize that the record reflects that appellant's counsel failed to properly object to this testimony and address it solely to note that her testimony was not relevant to the alleged crimes and should not have been admitted at trial.

{¶22} In light of our disposition of appellant's first assignment of error, we overrule the remaining assignments of error as moot. *See* App.R. 12(A)(1)(c).

{¶23} Appellant's conviction is vacated and he is ordered discharged.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR